CASE 6—INDICTMENT—SEPTEMBER 27.

## Rogers v. Commonwealth.

APPEAL FROM GRAYSON CIRCUIT COURT.

1. INSTRUCTIONS TO JURY—QUESTIONS FOR JURY.—Upon the trial of appellant for murder, it was error to instruct the jury that "the law presumes that a sane man intends the natural and probable consequences of any act which he willfully and deliberately does." And as death resulted from a blow with a club, and there were circumstances tending to show that it was not defendant's intention in using the club to produce death, the instruction was prejudicial. The presumption that the accused intended the natural and probable consequences of his own acts is not one of law to be applied by the court, but of fact to be weighed by the jury.

2. SAME—MANSLAUGHTER.—The accused was entitled to have the jury instructed on the law of voluntary manslaughter, as the question whether or not malice existed was, under the circumstances of the homicide, for the jury to determine.

Rogers v. Commonwealth.

E. DUDLEY WALKER, J. S. WORTHAM AND W. R. HAYNES FOR APPELLANT.

1. It was error in the court to overrule the demurrer to the indictment.
2. Court erred in instructing the jury to find defendant guilty of murder.
3. The court should have given an instruction on voluntary manslaughter. (Rutherford v. Commonwealth, 13 Bush, 611; Heilman v. Commonwealth, 84 Ky., 460; Trimble v. Commonwealth, 78 Ky., 176; Connor v. Commonwealth, 13 Bush, 714; Buckhannon v. Commonwealth, 86 Ky., 110; Wilkerson v. Commonwealth, 88 Ky., 33; Shannahan v. Commonwealth, 8 Bush, 463.)
4. Evidence objected to by defendant should not have been considered by the jury.
5. It was prejudical to the appellant for the court to instruct the jury that the law presumes defendant intended to kill deceased. (Payne v. Commonwealth, 1 Metcalfe, 375; Farris v. Commonwealth, 14 Bush, 369; Brady v. Commonwealth, 11 Bush, 285; Madden v. State, 1 Kansas, 356; Coffee v. State, 3 Yerg., 283; Maher v. The People, 10 Mich., 212.
6. The court erred in instructing the jury that the appellant could not be excused on the ground of insanity unless it is proved to their satisfaction. (Smith v. Commonwealth, 13 Law Rep., 612; Brown v. Commonwealth, 14 Bush, 398; Moore v. Commonwealth, 13 Ky. Law Rep., 740.)
7. It was prejudicial to appellant to limit the argument before the jury to two hours.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. Instructions are on the whole fair and as favorable to defendant as he could reasonably ask.
2. Testimony of witness as to what defendant had said was competent as showing the condition of the defendant's mind at the time of committing the offense, and as illustrating the question of his sanity or insanity.
3. The completion of the jury from by-standers after the regular panels had been exhausted was not error. (Criminal Code, sec. 281.)
4. It was not necessary for defendant, who was past the age of criminal responsibility, but under twenty-one years of age, to appear by guardian ad litem.
5. The allowance of two hours to counsel for argument was sufficient.
6. The demurrer to the indictment was properly overruled.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

From a judgment in pursuance of a verdict convicting him of the murder of W. R. Prewitt, and

sentencing him to the penitentiary for life, the appel-
lant, a lad of nineteen years, has appealed to this
court, and complains, *first*, that the instructions given
by the trial court, and particularly the one numbered
the sixth, were prejudicial to him, and second, that
an instruction on the law of voluntary manslaughter
was refused him.

Other alleged errors do not appear to be substantial,
and need not be noticed.  The first instruction presents
the law of murder in unobjectionable form ; the second
the law of involuntary manslaughter.  The blow was
inflicted with a wooden club—the half of a keg stave—
and if by its use the accused did not intend to produce
death, he was to be found guilty of a misdemeanor
only.  The third instruction is on a point not involved
here.  The fourth and fifth were on the subject of
insanity, though there was no testimony tending to
show such a mental condition, save an affidavit of the
accused for a continuance stating that his mother
would prove him feeble-minded.  This issue appears to
have been an insignificant one.  The sixth and objec-
tionable instruction is as follows : ''The law presumes
that a sane man intends the natural and probable con-
sequences of any act which he willfully and deliber-
ately does.''  There being no appreciable proof to the
contrary, the accused must be held to be sane.  The
consequences of his willful and deliberate act was
death.  These consequences were easily assumed as
naturally following the blow.  Hence, the instruction
is to the effect that the accused is presumed to have
intended to kill the deceased by the use of the club.
 · Mr. Wharton says : ''The doctrine that malice and

intent are presumptions of law to be inferred from the mere act of killing belongs, even if correct, to purely speculative jurisprudence, and cannot be applied to any case that can possibly arise before the courts." ·

In Madden v. State, 1 Kansas, 356, quoted and approved in Farris v. Commonwealth, 14 Bush, 373, it is held that the presumption that the accused intends the natural and probable consequences of his own acts is not one of law to be applied by the court, but of fact to be weighed by the jury. (See also Payne v. Commonwealth, 1 Met., 375 ; Coffee v. The State, 3 Yerg., 283 ; Maher v. People, 10 Mich., 212.)

The only plea available to the accused under the instructions to save himself from conviction for murder was that it was not his intention in using the club to produce death, and this plea he tried to make good by showing the facts and circumstances attending the assault.

He showed that he had been a constant visitor at Prewitt's house for some time—was visiting his daughter, and while the old gentleman had spoken sharply to him the night before, he had felt only aggrieved or hurt and not angered ; that he sauntered into the shop of the deceased the next morning, thinking or hoping that he would be received with a friendly nod or word, and the way thus paved for a continuation of his visits.  After waiting from ten to twenty minutes, he, the deceased  not speaking to him, suddenly picked up a wooden stick, struck the old man and ran home, without conceiving that the lick could result seriously. He argues if he had intended to kill, he would have used some deadly weapon, or at any rate, some heavy

iron bar or poker lying in the blacksmith shop. But this defense, as we have seen, while nominally left open to the accused by the second instruction, was practically closed by the legal presumption defined in the sixth.

In the second place, we are convinced that the accused was entitled to have the jury instructed on the law of voluntary manslaughter. Whether or not malice, the very essence of murder, existed, was a fact to be determined by the jury, and all the attending circumstances of the homicide, including the mental condition of the accused, whether sober or drunk, whether feeble-minded or otherwise, whether provoked and incited into sudden passion at the moment of the assault with the stick, the character of the weapon used, all were matters legally put in proof for the consideration of the jury for the very purpose of guiding them to a correct conclusion on the degree of the appellant's guilt. We do not review the facts in detail, as there is to be another trial.

For the reasons indicated, the judgment is reversed and a new trial directed upon the principles consistent with this opinion.